IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Brian Robinson, | § |
| | § |
| | § Civil Action No. 5:18-cv-499-OLG-RBF |
| *Plaintiff,* | § |
| v. | § |
| | § JURY TRIAL DEMANDED |
| RWLS, LLC D/B/A RENEGADE SERVICES, MATTHEW GRAY AND RANDY CASSADY, | § |
| | § |
| *Defendants.* | § |

## PLAINTIFF'S AMENDED COMPLAINT

Brian Robinson brings this action to recover compensation, liquidated damages, and attorneys' fees and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

### I. OVERVIEW

1. This is an action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq*.

2. Plaintiff worked for Defendants from approximately 2011 until approximately 2016 and was paid a fixed salary plus a non-discretionary job bonus/day rate for all hours worked in the field, but did not receive overtime for all hours worked over forty (40) in each workweek.

3. The FLSA requires that all forms of compensation—including the non-discretionary job bonuses/day rates paid to Plaintiff—be included in the calculation of the regular rate of pay for overtime purposes.

4. Plaintiff routinely worked in excess of 40 hours per workweek.

5.  Plaintiff was not paid overtime for all hours worked in excess of forty (40) hours per workweek.

6.  The decision by Defendants not to pay overtime compensation to Plaintiff was neither reasonable nor in good faith.

7.  Defendants knowingly and deliberately failed to compensate Plaintiff overtime for all hours worked in excess of forty (40) hours per workweek.

8.  Plaintiff did not perform work that meets the definition of exempt work under the FLSA. Specifically, Plaintiff performed technical and manual labor job duties in the oilfield.

9.  Plaintiff therefore seeks to recover all unpaid overtime and other damages owed under the FLSA.

## II.  THE PARTIES

10. Plaintiff Brian Robinson is an individual who resides in Coudersport, Potter County, Pennsylvania. Plaintiff Robinson worked for Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Robinson did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek. Robinson has previously consented to being a party in this lawsuit.

11. RWLS, LLC d/b/a Renegade Services ("RWLS") is a Texas limited liability company and has already been served with process.

12. Matthew Gray ("Gray") is an employer as defined by 29 U.S.C. § 203(d) and, along with RWLS, employed or jointly employed Plaintiff. At all relevant times, Gray maintained operational control (including both economic and decisional control) of significant aspects of Defendants' day-to-day functions. Gray has already been served with process.

13. Randy Cassady ("Cassady") is an employer as defined by 29 U.S.C. § 203(d) and, along with RWLS, employed or jointly employed Plaintiff. At all relevant times, Cassady maintained operational control (including both economic and decisional control) of significant aspects of Defendants' day-to-day functions. Cassady has already been served with process.

14. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over RWLS and Plaintiff. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### III.  JURISDICTION & VENUE

15. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 et. seq.

16. This Court has personal jurisdiction over Defendants because the cause of action arose within this District as a result of Defendants' conduct within this District.

17. Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

18. Specifically, Defendant Cassady resides in San Antonio, Bexar County, Texas, which is in this District and Division.

19. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

### IV.  FLSA COVERAGE

20. At all times hereinafter mentioned, Defendants have been employers or joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22. At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

23. During Plaintiff's employment by Defendants, he provided services for Defendants that involved interstate commerce for purposes of the FLSA.

24. In performing the operations hereinabove described, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

25. Specifically, Plaintiff was a non-exempt employee who worked for Defendants and was engaged in oilfield services that were directly essential to the production of goods for Defendants and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

26. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

### V. FACTS

27. RWLS is an oilfield wireline service company servicing the oil and gas industry in the State of Texas and throughout the United States.

28. To provide their services, Defendants employed numerous workers, including Plaintiff.

29. Defendants, individually and collectively, had the ability to hire and fire Plaintiff, supervised and controlled Plaintiff's work schedule and/or the conditions of his employment, set the rate and method of payment for Plaintiff, and maintained Plaintiff's employment records.

30. Plaintiff Robinson worked for Defendants as a TCP (Tubing Conveyed Perforating) Operator from approximately 2011 until approximately 2016.

31. Plaintiff's primary job duties included performing daily checklists, assisting with the preparation of equipment, and performing other oilfield-related functions on various job sites in the State of Texas and throughout the United States.

32. Plaintiff's daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Defendants and/or their clients. Virtually every job function was pre-determined by Defendants, including the tools to use at a job site, the schedule of work, and related work duties. Plaintiff was prohibited from varying his job duties outside of the predetermined parameters. Moreover, Plaintiff's job functions were primarily technical and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

33. Plaintiff is a blue-collar worker. He relies on his hands, physical skills, and energy to perform manual labor in the oilfield.

34. Plaintiff's duties did not include managerial responsibilities or the exercise of independent discretion or judgment.

35. Plaintiff did not have the authority to hire or fire other employees, and he was not responsible for making hiring or firing recommendations.

36. Plaintiff did not supervise two or more employees.

37. Plaintiff worked long hours. Specifically, Plaintiff regularly worked 14 hours per day and approximately 72 hours per week on average.

38. Plaintiff received job bonuses/day rates in addition to his regular base pay (fixed salaries).

39. The non-discretionary bonuses/day rates paid to Plaintiff was meant to encourage and motivate Plaintiff to work harder and to reward him for his hard work.

40. The non-discretionary bonuses/day rates were based upon a pre-determined formula established by Defendants. Specific criteria had to be met in order to receive the job bonuses/day rates.

41. When Plaintiff met the criteria, he was entitled to receive the job bonuses/day rates.

42. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay. Under the FLSA, the regular rate of pay is the economic reality of the arrangement between the employer and the employee. 29 C.F.R. § 778.108.

43. Pursuant to 29 C.F.R. § 778.209, these non-discretionary job bonuses/day rates (and any other non-discretionary compensation) should have been included in Plaintiff's regular rates of pay before any and all overtime multipliers were applied.

44. Defendants denied Plaintiff overtime pay as a result of a widely applicable, illegal pay practice. Plaintiff regularly worked in excess of forty (40) hours per week but never received overtime compensation.

45. Defendants applied this pay practice despite clear and controlling law that states that the manual labor or technical duties which were performed by Plaintiff consisted of non-exempt work.

46. Accordingly, Defendants' pay policies and practices blatantly violate the FLSA.

47. Defendant RWLS has previously and on more than one occasion been sued for similar overtime violations; nonetheless, the unlawful practice persisted. For example, in *Tvrdovsky v. Renegade Wireline Services (RWLS)*, No. 2:13-cv-01463-JFC (W.D. Pa., Oct. 8, 2013), Plaintiff filed suit on behalf of a class of Defendant's non-exempt workers who had also been misclassified as overtime exempt and paid on the same salary/bonus scheme as Plaintiff. Therefore, approximately half of the period of Plaintiff's employment was after Defendant was put on notice that the very same practices challenged in this matter were unlawful, yet the practice persisted. Additionally, in approximately October 2014, the *Tvrdovsky* matter was settled. *See Tvrdovsky*, No. 2:13-cv-01463-JFC, ECF #24. Nonetheless, Defendant's unlawful practices persisted, further depriving Plaintiff of lawful wages. *See also*, *Cesovski v. Renegade Wireline Services (RWLS)*, Case No. 2:16-cv-00691-JFC, (W.D. Pa. May 26, 2016), ECF #1 at ¶ 20, corroborating that, as of at least February 2015 and during part of the period covered by this lawsuit, and despite the knowledge gained from *Tvrdovsky*, Defendant continued to pay non-exempt workers unlawfully and in violation of wage and hour statutes.

48. Defendants knew or should have known their pay practices were in violation of the FLSA.

## VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT.

49. Plaintiff incorporates by reference the above paragraphs as if fully stated herein.

50. Defendants violated provisions of Sections 6, 7, and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

51. Defendants knowingly, willfully, and with reckless disregard carried out their illegal pattern of failing to pay Plaintiff overtime compensation. 29 U.S.C. § 255(a).

52. Defendants were aware of the FLSA's minimum wage and overtime requirements and chose not to pay Plaintiff overtime. Defendants have been previously sued for violations of wage and hour statutes. Defendants knew that Plaintiff performed non-exempt manual labor or technical work, knew that this work did not qualify Plaintiff for an exemption, and nonetheless misclassified Plaintiff as exempt from overtime.

53. Defendants are sophisticated parties and employers, and therefore knew or should have known their policies were in violation of the FLSA. Plaintiff, on the other hand, is blue-collar worker who trusted and relied on Defendants to pay him according to the law.

54. Plaintiff is entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times his regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## VII. RELIEF SOUGHT

55. Plaintiff respectfully prays for judgment against Defendants as follows:

    a. For an Order awarding Plaintiff back wages that have been improperly withheld;

b. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

c. For an Order awarding Plaintiff the costs of this action;

d. For an Order awarding Plaintiff attorneys' fees;

e. For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ J. Derek Braziel*
**J. DEREK BRAZIEL**
Texas Bar No. 00793380
jdbraziel@l-b-law.com
**TRAVIS GASPER**
Texas Bar No. 24096881
gasper@l-b-law.com
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
jdbraziel@l-b-law.com

**JACK SIEGEL**
Texas Bar No. 24070621
**SIEGEL LAW GROUP PLLC**
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 790-4454
www.4overtimelawyer.com

**CLIF ALEXANDER**
Texas Bar No. 24064805

**ANDERSON2X, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
(361) 452-1279 phone
(361) 452-1284 fax
www.a2xlaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed and served on all parties of record via the Court's CM/ECF filing system.

*/s/ J. Derek Braziel*
**J. DEREK BRAZIEL**